IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANGELO McCLEARY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-14-754-M |
| v. | ) | |
| | ) | |
| JOHN WHETSEL, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee appearing *pro se* and *in forma pauperis*, has filed this

Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred

to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§636(b)(1)(B). Both parties have responded to the show cause Order entered July 21, 2014.

Order (Doc. # 6). Also, Respondent has moved to dismiss the Petition and submitted relevant

state court records. Although given the opportunity to respond to the Motion to Dismiss,

Petitioner has not done so during the allotted time. For the following reasons, it is recommended

that the Petition be dismissed.

I. Petitioner's Claims

In his Petition filed July 17, 2014, Petitioner asserts that he is being confined at the

Oklahoma County Detention Center ("OCDC"). It appears Petitioner seeks to challenge a

misdemeanor conviction, Case No. CM-2005-1110, although Petitioner provides no information

concerning the nature of the conviction or the sentence entered for the conviction.[1]  Petitioner

alleges that he "just found out about the conviction" in Case No. CM-2005-1110 "a month ago

when I was threatened with [a] second page because of my new bogas [sic] charges, Case No.

CF-2014-3677."  Petitioner alleges that his "signature was forged by officers of the Court" and

that Oklahoma County District "Judge Jerry Bass, his staff, several Judges, the D.A. and my

attorneys conspired to imprison me" because "the case should have been thrown out and

dismiss[ed] a year before the conviction" due to "the Plaintiff's [sic] testimony and perjury."

Curiously and in contradiction to the foregoing allegations, Petitioner alleges that he "was

charged, sentenced [and] served time for" the misdemeanor conviction in Case No. CM-2005-

1110.

        As relief, Petitioner demands that the conviction in Case No. CM-2005-1110 be reversed

and expunged from his record, that he receive monetary damages for "false imprisonment in

excess of $50 million," and that custody of his three sons be returned to him.

II. Background

        Petitioner is confined at OCDC on felony charges of Burglary in the First Degree and

---

[1]Petitioner also refers to case number "CF-14103635" and to a jury trial in a different criminal proceeding, but it is not clear what other criminal convictions or sentences he might be attempting to challenge.  He refers only to a sentence of "3 ½ years" and to "2, 10 year sentences 5 in, 5 out."  Petitioner has not clearly set forth his claims, and the Court can only surmise that he is attempting to challenge the misdemeanor conviction in Case No. CM-2005-1110 based on his request for relief.  Respondent states in his responsive pleading that "Case No. CF-14103635" does not appear in the public records of the Oklahoma County District Court and that those same records reflect that Petitioner had no felony convictions entered against him in 2014.  There is no evidence that Petitioner is in custody with respect to a conviction entered in this case number.  Accordingly, the Court lacks jurisdiction to review the merits of his Petition challenging the unidentified conviction in "Case No. CF-14103635."

Domestic Abuse (Assault and Battery) filed in the District Court of Oklahoma County, Case No. CF-2014-3677.  Combined Response to Show Cause and Motion to Dismiss Petition for Habeas Corpus with Brief in Support ("Respondent's Response and Motion to Dismiss"), Ex. 1.

Public court records in Case No. CM-2005-1110 reflect that Petitioner entered a guilty plea to a misdemeanor charge of Domestic Abuse (Assault and Battery) on January 9, 2007, and he was sentenced for this conviction on March 2, 2007, to a six-month term of imprisonment in the county jail to be served concurrently with his sentences in Case Nos. CF-05-4035, CF-05-5489, CM-06-4157, CM-05-2507, CM-06-2455, and CF-05-2434. Respondent's Response and Motion to Dismiss, Ex. 2.  Petitioner was committed to serve this sentence on March 9, 2007.

III. Claims for Habeas Relief

Petitioner admits that he has served the sentence entered for the conviction in Case No. CM-2005-1110, and Petitioner is not "in custody" on that conviction. See 28 U.S.C. §2254(a); Maleng v. Cook, 490 U.S. 488, 490-491 (1989).   Therefore, this Court is without jurisdiction to consider the merits of his habeas Petition.

The pre-eminent issue is this Court's proper exercise of habeas jurisdiction.  See Oyler v. Allenbrand, 23 F.3d 292, 293 (10th Cir. 1994)(recognizing court's duty to inquire into its own federal jurisdiction).  The federal habeas statute provides a district court with authority to consider a petition brought by a person in custody pursuant to a state court judgment only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

"The custody requirement of the habeas corpus statute is designed to preserve the writ of

3

habeas corpus as a remedy for severe restraints on individual liberty." <u>Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County</u>, 411 U.S. 345, 351 (1973). A habeas petitioner does not remain "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 499. 491 (1989). The Oklahoma County District Court's public records clearly show that Petitioner was in custody at the time he filed his Petition only for new felony charges that do not appear to be related to his misdemeanor conviction in case No. CM-2005-1110. Therefore, this Court lacks jurisdiction to consider Petitioner's challenge to the validity of his now-expired conviction in Case No. CM-2005-1110.

If, as Petitioner inartfully alleges, his expired misdemeanor conviction in Case No. CM-2005-1110 will be or is being used to support a felony habitual offender charge, the Court should refrain from reviewing the merits of the Petition, to the extent it could be construed to assert a challenge to the new charges brought against him in Case No. CF-2014-3677, under the abstention doctrine.[2] <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971)(recognizing policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated).

Under the doctrine established in <u>Younger</u>, abstention is appropriate whenever there

---

[2]Petitioner filed a one-page Response to the show cause order in which Petitioner does not address the "in custody" issue. Petitioner only states that he has no access to a law library to conduct research and that he is "still finding out about cases I've served time for that I was not made aware of until just today 7-24-2014. Cases - Case No. CF-2005-2434, CM-2005-2507(7) and CM-2005-1110 which I found out about last month. All of those cases should have been dismissed years before they ever became convictions. They had no business at all ever coming before Judge Jerry Bass." Petitioner's Response to Show Cause (Doc. # 7).

exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

There are ongoing state proceedings concerning the criminal charges filed against Petitioner in Case No. CF-2014-3677. Petitioner has an adequate forum to litigate his constitutional claims either in a petition for a writ of prohibition to the Oklahoma Court of Criminal Appeals before his trial, or in a direct appeal should he be convicted. See Okla. Stat. tit. 22, §1051 (direct appeal). Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.

"It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066). See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Petitioner has not satisfied this burden.

Petitioner has also failed to show that he exhausted available state judicial remedies

concerning his conviction in Case No. CM-2005-1110. Federal law generally requires exhaustion of state judicial remedies. 28 U.S.C. § 2254(b)(1). In this circuit, a petitioner may satisfy the exhaustion requirement by showing either that "a state appellate court has had the opportunity to rule on the same claim presented in federal court" or "at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). See Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999)(exhaustion generally requires that the habeas petitioner's claims be properly presented to the highest state court). Petitioner "bears the burden of showing that he has exhausted available state remedies." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). See Selsor v. Workman, 644 F.3d 984, 1026 (10th Cir. 2011)(state prisoner has burden of proving he exhausted state court remedies or that exhaustion would have been futile)(citations omitted).

The public records of the Oklahoma County District Court reflect that Petitioner did not appeal the denial of his post-conviction application and application for appeal out of time to the Oklahoma Court of Criminal Appeals. Hence, Petitioner failed to exhaust available state court remedies with respect to the challenged conviction.

Petitioner does not assert that an appeal from the denial of his post-conviction application and application to appeal out of time would have been futile. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010)("A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."). Consequently, to the extent Petitioner is attacking his 2007 misdemeanor conviction and sentence, Petitioner has not shown that he exhausted state court remedies or that exhaustion would have been futile. The Petition should therefore be

dismissed without prejudice to refiling following exhaustion of state remedies.

Although it is not necessary for the Court to reach the limitations issue, the Petition is also subject to dismissal due to the expiration of the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

Petitioner did not file a motion to withdraw the plea or timely seek to appeal the plea-based conviction in Case No. CM-2005-1110, and pursuant to 28 U.S.C. § 2244(d)(1)(A) the conviction became "final" on March 12, 2007, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, § 1051; Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app. The one-year limitations period for filing a federal habeas petition challenging the conviction expired one year later, on March 12, 2008, absent statutory or equitable tolling exceptions.

Petitioner filed a post-conviction application and application for leave to appeal out of time in the district court on March 12, 2008. On March 31, 2008, the district court entered an order denying the application and denying Petitioner's request for an appeal out of time. Respondent's Response and Motion to Dismiss, Ex. 2, at 8. Petitioner did not appeal this decision, although he had thirty days to do so. Rule 5.2(C)(2), Rules of the Oklahoma Court of

Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app. After the expiration of this time to file an appeal, the one-year limitations period began to run again on May 1, 2008, and expired on May 2, 2008.

Petitioner indicates he was unaware of the conviction itself until June 10, 2014, but this statement is inconsistent with his statement that he previously served the sentence imposed for this conviction. The only habeas grounds raised by Petitioner in the Petition are allegations that (1) a prosecution witness committed perjury and (2) multiple judicial and court officials "forged" Petitioner's signature in order to obtain the conviction. Petitioner would have been aware of the "factual predicate" for either of these claims at the time of his criminal proceeding, and at the latest in March 2007 when the judgment of conviction and sentence were entered, according to public records of the district court. Thus, even employing the limitations period prescribed in 28 U.S.C. § 2244(d)(1)(D), it appears the limitations period would have expired long before Petitioner filed the instant Petition in July 2014.

The 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may in rare and extraordinary circumstances "be subject to equitable tolling"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Extraordinary circumstances that warrant equitable tolling of the limitations period may

include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent," or when the late filing was due to circumstances beyond the petitioner's control. Miller, 141 F.3d at 978; Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner has not provided any reason sufficient to equitably toll the limitations period beyond its expiration date of May 2, 2008.

IV. Claims for Damages and Other Relief

Moreover, this Court lacks jurisdiction to consider Petitioner's requests for monetary damages under 42 U.S.C. § 1983 for alleged "false imprisonment." Petitioner may not maintain a federal habeas action in which he seeks damages. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973)("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release - the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Even construing the action as one brought under 42 U.S.C. § 1983, the allegation of "false imprisonment" implicates the validity of the conviction and sentence entered in Case No. CM-2005-1110, and there is no indication that the conviction in Case No. CM-2005-1110 has been reversed or overturned. Thus, the action, construed as a civil action brought under 42 U.S.C. §1983, is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Further, any false imprisonment claim based on the challenged 2007 conviction is barred under the applicable two-year statute of limitations. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998)(for section 1983 actions arising in Oklahoma, Oklahoma's two year statute of

limitations for personal injury suits applies).

With respect to Petitioner's request for the return of custody of his children, this claim is not properly brought in a habeas action under 28 U.S.C. § 2254 and *sua sponte* recharacterization of the claim would be inappropriate. See Preiser, 411 U.S. at 484 ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody"); Stricker-Campos v. Laramie County Dist. Ct., 546 Fed. Appx. 805, 807 (10th Cir. 2013)(recognizing court had "long recognized that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States'")(quoting Chapman v. Oklahoma, 472 F.3d 747, 749-50 (10th Cir. 2006)(alternation and quotation omitted). The Rooker-Feldman doctrine, which "precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment," PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1193 (10th Cir. 2010)(internal quotation marks and citation omitted), would bar an action in this Court seeking review of a final child custody decision made in the Oklahoma courts.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction and alternatively on the grounds of expiration of the statute of limitations and failure to exhaust state court remedies. Additionally, it is recommended that Petitioner's claims for damages be dismissed

as barred by the applicable statute of limitations and under Heck, supra, and his claim seeking review of a state child custody decision be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine.  Petitioner's Motion for a Change of Venue (Doc. # 15) and Motion for Evidentiary Hearing (Doc. # 16) are DENIED.

The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     October 20th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this     30th     day of     September    , 2014.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE